**In re IBM PERIPHERAL EDP DEVICES ANTITRUST LITIGATION.**

*Memory Technology, Inc. v. International Business Machines Corp.,* D.Mass., Civil Action No. 74–5051–S

*Sanders Associates, Inc., et al. v. International Business Machines Corporation,* D.N.H., Civil Action No. C 7514

**No. 163.**

Judicial Panel on Multidistrict Litigation. May 5, 1975.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to Chief Judge Ray McNichols of the District of Idaho, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re IBM Peripheral EDP Devices Antitrust Litigation, 375 F.Supp. 1376 (Jud.Pan.Mult.Lit.1974).

As we noted in our initial opinion and order, this litigation was spawned by the decision in Telex Corporation v. International Business Machines, 367 F.Supp. 258 (N.D.Okl.1973), rev'd 510 F.2d 894 (10th Cir., 1975), and involves IBM's alleged illegal monopolization of the market for electronic data processing (EDP) devices designed for attachment to IBM's central processing units

---

* Although Judge Wisdom was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

(CPUs). In addition to these allegations, the complaints in several of the actions in the transferee court contain allegations that IBM illegally monopolized the entire EDP industry.

Plaintiffs in the above-captioned actions produce and market IBM-compatible peripheral equipment. Memory Technology, Inc. (MTI is primarily involved in the production and marketing of semi-conductor and read only memory systems while Sanders Associates, Inc. and its related corporations (Sanders) concentrate on the manufacture and distribution of IBM compatible terminals capable of sending and receiving information over communications paths to and from the CPU of a computer. Like the plaintiffs in the litigation in the transferee district, both MTI and Sanders charge IBM with illegal monopolization in the various product markets in which they are involved.

This matter is before the Panel on the motion of IBM to transfer *MTI* and *Sanders* to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings pending in that district. Only Sanders opposes transfer. We find that both actions raise questions of fact common to the actions previously transferred to the Northern District of California and that their transfer to that district for Section 1407 proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiff Sanders argues that transfer is inappropriate because it does not manufacture any of the products produced or leased by plaintiffs in the actions previously transferred. It maintains that this dissimilarity makes discovery concerning its action unique and that transfer would require the transferee judge to familiarize himself with an entirely new technology. Moreover, plaintiff Sanders contends that its action contains only a minimal similarity to the actions in California since there

is only one overlapping act of monopolization alleged between the complaints.

We are persuaded, however, by defendant IBM's contention that the factual commonality of *Sanders* and *MTI* with the transferred litigation rests not on the particular product plaintiffs produce but rather on the reality that they all market IBM-compatible devices, which depend for their success upon their ability to function technologically with tne IBM CPU at an economically competitive price. Thus, transfer of *MTI* and *Sanders* for inclusion in the Section 1407 proceedings is necessary in order to prevent duplication of discovery and economize judicial effort. Placing these actions in the hands of a judge who has already gained a familiarity with the complicated principles of computer interface technology will undoubtedly lead to their most just and expeditious termination and at the same time further the purposes of Section 1407 with respect to the overall litigation. And the transferee judge, of course, has the broad discretion to design a pretrial program that will allow discovery on any unique issues attributable to *MTI* and *Sanders* to proceed concurrently with discovery on the common aspects of the various actions. *See* In re Republic National-Realty Equities Securities Litigation, 382 F.Supp. 1403, 1405–06 (Jud. Pan.Mult.Lit.1974).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the actions entitled Memory Technology, Inc. v. International Business Machines Corp., D.Mass., Civil Action No. 74–5051–S, and Sanders Associates, Inc., et al. v. International Business Machines Corporation, D.N.H., Civil Action No. C 7514, be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Ray McNichols, sitting by designation, for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.